IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PETER E. and ERIC E.,<br><br>              Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE SERVICES, INC.,<br>UNITED BEHAVIORAL HEALTH, and<br>KEYSIGHT MEDICAL PLAN,<br><br>              Defendants. | **MEMORANDUM DECISION AND ORDER**<br>• **GRANTING IN PART AND DENYING IN PART [26] PLAINTIFFS' MOTION TO DISMISS, TO AMEND COMPLAINT, AND TO EXTEND THE DISPOSITIVE MOTION DEADLINE; and**<br>• **DENYING [27] DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:17-cv-00435<br><br>District Judge David Nuffer |

Plaintiffs Peter E. and Eric E. filed a cause of action under 29 U.S.C. § 1132(a)(1)(B)

against United HeathCare Services, Inc., United Behavioral Health, and Keysight Medical Plan

("Defendants") for the denial of coverage for treatment of Eric E. at Aspiro and Vista Treatment

Center.[1] Plaintiffs have filed a motion to dismiss without prejudice the Aspiro wilderness

treatment claims ("Aspiro claims"); to amend the original complaint; and to extend the

dispositive motion deadline ("Plaintiffs' Motion").[2] Defendants filed an opposition,[3] and

---

[1] Plaintiffs' Complaint, docket no. 2, filed May 19, 2017.

[2] Plaintiffs' Motion to Dismiss Without Prejudice the Aspiro Wilderness Treatment Claims, to Amend Complaint, and to Extend the Dispositive Motion Deadline ("Plaintiffs' Motion"), docket no. 26, filed July 9, 2018.

[3] Defendants' Opposition to Plaintiffs' Motion to Dismiss Without Prejudice the Aspiro Wilderness Treatment Claims, to Amend Complaint, and to Extend the Dispositive Motion Deadline ("Defendants' Opposition"), docket no. 37, filed Aug. 6, 2018.

Plaintiffs replied.[4] Defendants also filed a Motion for Summary Judgment.[5] Further briefing on the Motion for Summary Judgment was stayed pending resolution of Plaintiffs' Motion.[6] For the reasons set forth below, Plaintiffs' Motion is GRANTED in part and DENIED in part. Defendants' Motion for Summary Judgment is DENIED without prejudice.

## DISCUSSION

**Dismissal of the Aspiro wilderness treatment claims under Rule 41(a)(2) is improper.**

Plaintiffs seek to dismiss, without prejudice, their claims that relate to Eric E.'s treatment at the Aspiro wilderness program under Fed. R. Civ. P. 41(a)(2).[7] Defendants do not stipulate to voluntary dismissal of the Aspiro claims and correctly note that Rule 41(a)(2) only permits the dismissal of an action, not a claim.[8]

Rule 41(a) permits voluntary dismissal of an action through party stipulation or at the request of a plaintiff, through "court order, on terms that the court considers proper."[9] Generally, the dismissal of single claims is not permitted under Rule 41 because it "speaks to dismissal of *an action*, not just a claim within an action."[10] When a plaintiff wishes to dismiss certain claims without dismissing the entire case, "the proper procedure is to amend the complaint under Rule 15."[11]

---

[4] Reply Memorandum in Support of Motion to Dismiss without Prejudice the Aspiro Wilderness Treatment Claims, to Amend Complaint, and to Extend the Dispositive Motion Deadline ("Plaintiffs' Reply"), docket no. 42, filed Aug. 30, 2018.

[5] Docket no. 27, filed July 11, 2018.

[6] DOCKET TEXT ORDER, docket no. 29, entered July 12, 2018.

[7] Plaintiffs' Motion 5–8.

[8] Defendants' Opposition Memorandum 5–7.

[9] FED. R. CIV. P. 41(a)(2).

[10] *Gobbo Farms & Orchards v. Poole Chemical Co., Inc.*, 81 F.3d 122, 123 (10th Cir. 1996) (emphasis added).

[11] *Utah Republican Party v. Cox*, 177 F.Supp.3d 1343, 1372 (D. Utah, Apr. 6, 2016) (footnote omitted).

Here, Plaintiffs seek dismissal of their Aspiro claims, not the entire action. Therefore, Plaintiffs request for voluntary dismissal without prejudice of the Aspiro claims is denied.

## It is in the interest of justice to allow Plaintiffs to amend their complaint

Notwithstanding the denial of Plaintiffs' request to dismiss their Aspiro claims, the same result may be accomplished through Plaintiffs' separate request to amend their complaint under Fed. R. Civ. P. 15(a)(2).[12] Aside from removing the Aspiro claims,[13] Plaintiffs seek to add a new cause of action under the Mental Health Parity and Addiction Equity Act of 2008 ("MHPAEA").[14]

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's consent or the court's leave."[15] Leave should be "freely given when justice so requires."[16] "If the underlying facts or circumstances relied on . . . may be proper subject of relief, [the plaintiff] ought to be afforded an opportunity to test [their] claim on the merits."[17] "In the absence of any apparent or declared reason . . . the leave sought should . . . be freely given."[18] "Lateness alone does not of itself justify the denial of [an] amendment."[19] However, denial of an amendment based on timeliness may be appropriate "when the party filing the motion has no adequate explanation for the delay."[20]

---

[12] Plaintiffs mistakenly cite to FED. R. CIV. P. 15(b) in their Motion. The applicable rule is FED. R. CIV. P. 15(a).

[13] Motion, Exh. 1, [proposed] Amended Complaint, docket no. 26-1.

[14] 29 U.S.C. § 1185a.

[15] FED. R. CIV. P. 15(a)(2).

[16] *Id.*

[17] *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[18] *Foman*, 371 U.S. at 182 (quoting FED. R. CIV. P. 15(a)(2)) (quotations omitted).

[19] *Minter*, 451 F.3d at 1205 (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975) (quotations omitted).

[20] *Id.* at 1206 (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365–66 (10th Cir. 1993)) (quotations omitted).

Defendants primarily contend that Plaintiffs' Motion should be denied because it is untimely. However, Plaintiffs argue the delay in seeking to amend is reasonable because a new theory of liability, related to unclear non-quantitative treatment limitations, has recently become available.[21] Under this new theory of liability, Plaintiffs argue that "the criteria by which the Defendants evaluated Eric's residential treatment and the 'processes, strategies, standards, or other factors' utilized by the Defendants are more restrictive than the criteria, processes, strategies, standards or other factors applied by the Defendants to adjudicate coverage for medical/surgical benefits of the same level of care."[22] This explanation is adequate.

Although Defendants assert they will be prejudiced if Plaintiffs are allowed to amend the Complaint due to the time and expense they put into their Motion for Summary Judgment,[23] this argument is not supported. Both parties were ordered by the court to address in detail how Plaintiffs' Motion would affect Defendants' Motion for Summary Judgment, but failed to do so.[24] Other than omitting discussion of the Aspiro wilderness treatment claims and adding discussion of the new MHPAEA claims, which in all fairness should be part of this case, the Motion for Summary Judgment can be refiled with most of its current substance. Therefore, Plaintiffs' request to amend is granted. In light of this ruling, it is also appropriate to extend the dispositive motion deadline.

---

[21] Plaintiffs' Reply at 8-9.

[22] *Id.* at 9.

[23] *Id.* 14–15. Two days after Plaintiffs' Motion was filed, Defendants filed a Motion for Summary Judgment. Docket no. 27, filed July 11, 2018.

[24] AMENDED DOCKET TEXT ORDER, docket no. 32, entered July 13, 2018.

**ORDER**

THEREFORE, IT IS HEREBY ORDERED that Plaintiffs' Motion[25] is GRANTED in part and DENIED in part. Plaintiffs are granted leave to file their amended complaint within three (3) business days of the entry of this order. Defendants shall file an Answer to the Amended Complaint on or before December 10, 2018.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is DENIED without prejudice to refiling. Any new dispositive motions, based upon the amended complaint, shall be filed no later than January 11, 2019.

Dated November 20, 2018.

BY THE COURT:

David Nuffer
United States District Judge

---

[25] Docket no. 26.