IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PETER E. and ERIC E.,<br><br>        Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE SERVICES, INC., UNITED BEHAVIORAL HEALTH, and KEYSIGHT MEDICAL PLAN,<br><br>        Defendants. | **MEMORANDUM DECISION AND ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS AND GRANTING LEAVE TO AMEND**<br><br>Case No. 2:17-cv-00435-DN<br><br>District Judge David Nuffer |

This case involves claims under the Employee Retirement Income Security Act of 1974 ("ERISA") and the Mental Health Parity and Addiction Equity Act ("Parity Act") arising from the denial of coverage for Plaintiff Eric E.'s treatment at Vista Residential Treatment Center ("Vista").[1] Defendants United HealthCare Services, Inc. ("UHS"), United Behavioral Health ("UBH"), and Keysight Medical Plan ("Plan") filed a Motion to Dismiss.[2] Defendants argue Plaintiff Peter E.'s individual claims should be dismissed because he lacks statutory and constitutional standing.[3] Defendants also argue Plaintiffs fail to plead sufficient facts to state a claim for violation of the Parity Act.[4] Plaintiffs responded and requested leave to file a second amended complaint if the Motion to Dismiss is granted.[5] Defendants replied.[6]

---

[1] Plaintiffs' Amended Complaint ("Amended Complaint"), docket no. 45, filed Nov. 21, 2018.

[2] Motion to Dismiss Plaintiffs' Amended Complaint ("Motion to Dismiss"), docket no. 46, filed Dec. 10, 2018.

[3] *Id.* at 14-15.

[4] *Id.* at 6-13.

[5] Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss ("Response"), docket no. 50, filed Jan. 7, 2019.

[6] Defendants' Reply in Further Support of their Motion to Dismiss ("Reply"), docket no. 51, filed Jan. 23, 2019.

Because Plaintiffs allege Peter E. is a participant of the Plan and is entitled to reimbursement for out-of-pocket expenses under the terms of the Plan resulting from Defendants denial of coverage for Eric E.'s treatment, they have sufficiently alleged Peter E.'s statutory and constitutional standing. However, because the allegations relating to Plaintiffs' Parity Act claim are conclusory and mere recitations of the law lacking factual support, they fail to state a claim on which relief may be granted. Therefore, Defendants' Motion to Dismiss[7] is DENIED in part and GRANTED in part. And Plaintiffs are given leave to file a second amended complaint to correct the deficiencies in their Parity Act claim.

## FACTUAL BACKGROUND

Peter E. is the parent of Eric E.[8] Peter E. is a participant in the Plan and Eric E. is a beneficiary of the Plan.[9] The Plan provides group health benefits coverage for Peter E. and Eric E., and is a self-funded employee welfare benefits plan under ERISA.[10] UHS provides claims processing and administrative services for the Plan.[11] UBH is an affiliate of UHS, and administers and processes claims for the Plan in connection with mental health treatment.[12]

Eric E. suffers from various mental health conditions and has a long history of substance abuse.[13] Eric E. entered Vista on December 9, 2014, and stayed until August 13, 2015.[14] Vista is a licensed health care provider in the State of Utah and provides treatment for adolescents with

---

[7] Docket no. 46, filed Dec. 10, 2018.

[8] Amended Complaint ¶ 1.

[9] *Id.* ¶ 2; Motion to Dismiss at 3.

[10] Amended Complaint ¶ 2.

[11] *Id.* ¶ 3.

[12] *Id.* ¶ 4.

[13] *Id.* ¶¶ 9-11.

[14] *Id.* ¶ 23.

mental health and substance abuse conditions.[15] UBH initially covered Eric E.'s treatment at Vista, but later denied coverage after Eric E. began making progress in the program.[16] UBH stated that because Eric E. was cooperative and doing well in the program, he no longer met the guidelines for residential treatment and could safely move to an intensive outpatient program.[17] The denial of coverage resulted in Peter E. paying out-of-pocket expenses in excess of $60,000 for Eric E.'s treatment.[18]

Peter E. appealed the denial of coverage, and subsequently exhausted the administrative appeals process.[19] Plaintiffs then initiated this case based on Defendants continued denial of coverage for Eric E.'s treatment at Vista.[20] Plaintiffs' Amended Complaint alleges two causes of action: (1) claim for benefits pursuant to ERISA under 29 U.S.C. § 1132(a)(1)(B);[21] and (2) claim for violation of the Parity Act and the Affordable Care Act under 29 U.S.C. § 1132(a)(3).[22]

## DISCUSSION

Defendants seek dismissal of Peter E.'s individual claims and Plaintiffs' Parity Act claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[23] Dismissal is appropriate under Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[24] Each cause of action must be supported by sufficient, well-

---

[15] *Id.* ¶ 5.
[16] *Id.* ¶ 25.
[17] *Id.* ¶¶ 25-26.
[18] *Id.* ¶ 47.
[19] *Id.* ¶ 33.
[20] *Id.* ¶ 8.
[21] *Id.* ¶¶ 34-38.
[22] *Id.* ¶¶ 39-48.
[23] Motion to Dismiss at 2.
[24] Fed. R. Civ. P. 12(b)(6); *see Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

3

pleaded facts to be plausible on its face.[25] In reviewing a complaint on a Rule 12(b)(6) motion to dismiss, factual allegations are accepted as true and reasonable inferences are drawn in a light most favorable to the plaintiff.[26] However, "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation" of the law are disregarded.[27]

### Plaintiffs sufficiently allege Peter E.'s statutory and constitutional standing

Defendants argue that Peter E. lacks statutory and constitutional standing to bring his individual claims.[28] They first argue that Peter E. lacks standing under ERISA because treatment benefits were denied only to Eric E.[29] ERISA provides that a plan "participant or beneficiary" may bring suit "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."[30]

Plaintiffs allege—and Defendants concede—that Peter E. is a participant of the Plan.[31] Plaintiffs further allege Peter E. paid in excess of $60,000 in out-of-pocket expenses as a result of Defendants denial of coverage for Eric E.'s treatment at Vista, and that he is due reimbursement under the terms of the Plan.[32] Accepting Plaintiffs' allegations as true, they have sufficiently alleged Peter E.'s standing under ERISA.[33]

---

[25] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[26] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[27] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009).

[28] Motion to Dismiss at 14-15.

[29] *Id.* at 15.

[30] 29 U.S.C. § 1132(a)(1)(B).

[31] Motion to Dismiss at 3.

[32] Amended Complaint ¶¶ 47-48.

[33] *Wills v. Regence Bluecross Blueshield of Utah*, No. 2:07-cv-00616-BSJ, 2008 WL 4693581, *7 (D. Utah Oct. 23, 2008); *Lisa O. v. Blue Cross of Idaho Health Serv., Inc.*, No. 1:12-cv-00285-EJL-LMB, 2014 WL 585710, *2-3 (D. Idaho Feb. 14, 2014).

Defendants next argue that Peter E. lacks constitutional standing because he cannot show an injury-in-fact stemming from the alleged improper denial of benefits to Eric E.[34] To establish Article III standing, a plaintiff must allege (1) an injury in fact that is (2) causally connected to the conduct complained of (3) that is likely to be redressed by the requested relief.[35]

Plaintiffs allege Peter E. paid in excess of $60,000 for medical expenses incurred by Eric E.'s treatment, which expenses should have been covered and are due to Peter E. under the terms of the Plan.[36] These allegations are sufficient to show Peter E. suffered an injury-in-fact (out-of-pocket expenses) that is causally connected to Defendants' conduct (improper denial of coverage) and redressable if he prevails on his claims.[37] Therefore, Plaintiffs have sufficiently alleged Peter E.'s constitutional standing. Defendants' Motion to Dismiss[38] is DENIED as to the issue of Peter E.'s standing.

**Plaintiffs fail to allege sufficient facts to state a claim under the Parity Act**

Defendants argue that Plaintiffs fail to allege sufficient facts to state a claim under the Parity Act.[39] "Congress enacted the [Parity Act] to end discrimination in the provision of insurance coverage for mental health and substance use disorders as compared to coverage for medical and surgical conditions in employer-sponsored group health plans."[40] The Parity Act requires plans to ensure "treatment limitations applicable to mental health or substance use

---

[34] Motion to Dismiss at 15.

[35] *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

[36] Amended Complaint ¶¶ 47-48.

[37] *Wills,* 2008 WL 4693581, *8-9; *Lisa O.*, 2014 WL 585710, *3-4.

[38] Docket no. 46, filed Dec. 10, 2018.

[39] *Id*. at 6-13.

[40] *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc*., 821 F.3d 352, 356 (2d Cir. 2016).

disorder benefits are no more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits covered by the plan."[41]

As recently recognized in this court, "there is no clear law on what is required to state a claim for a Parity Act violation."[42] Defendants point to a three-part test that courts have applied to claims alleging a *facial* Parity Act violation.[43] However, disparate treatment limitations that violate the Parity Act can be either *facial* (as written in the language or the processes of the plan) or *as-applied* (in operation via application of the plan).[44]

A claim for a facial Parity Act violation targets "the language of the plan or the processes of the plan that implementing guidelines require to be applied in a nondiscriminatory manner."[45] To sufficiently plead a facial claim, the plaintiff "must correctly identify [the plan's express] limitation and compare it to a relevant analogue."[46]

For an as-applied Parity Act violation claim, the plaintiff must allege that the plan is discriminatory in application. "To state a plausible claim under [an as-applied] theory, a plaintiff may allege that a defendant differentially applies a facially neutral plan term."[47] "[A]t the very least, a plaintiff must identify the treatments in the medical [or] surgical arena that are analogous

---

[41] 29 U.S.C. § 1185a(3)(A)(ii).

[42] *Michael D. v. Anthem Health Plans of Ky., Inc.*, No. 2:17-cv-00675-JNP, 369 F. Supp. 3d 1159, 1174 (D. Utah 2019).

[43] *Anne M. v. United Behavioral Health*, No. 2:18-cv-00808-TS, 2019 WL 1989644, *2 (D. Utah May 6, 2019).

[44] *Id.*; *see also H.H. v. Aetna Ins. Co.*, No. 18-80773-CIV-MIDDLEBROOKS, 342 F. Supp. 3d 1311, 1319 (S.D. Fla. 2018); *A.Z. v. Regence Blueshield*, No. C17-1292-TSZ, 333 F. Supp. 3d 1069, 1081 (W.D. Wash. 2018).

[45] *Michael D.,* 369 F. Supp. 3d at 1175.

[46] *A.Z.,* 333 F. Supp. 3d at 1079.

[47] *Anne M.*, 2019 WL 1989644, *2.

to the sought-after mental health [or] substance abuse benefit and allege that there is a disparity in their limitation criteria."[48]

Plaintiffs' claim that Defendants' violated the Parity Act when they improperly denied benefits to Eric E. for his stay at Vista.[49] Plaintiffs allege Eric E.'s treatment at Vista was medically necessary,[50] and that UBH evaluated Eric E.'s treatment using substance abuse criteria despite his primary diagnosis being mental health conditions.[51] They further allege the Plan offers comparable medical or surgical benefits to Eric's treatment at Vista, including sub-acute inpatient treatment settings at skilled nursing facilities, inpatient hospice care, and rehabilitation facilities.[52] Plaintiffs also generally allege UBH does not exclude coverage for medically necessary care of medical or surgical conditions in the manner it excluded coverage for Eric E.'s treatment at Vista.[53] And, in doing so, they allege, UBH imposes requirements for coverage of the sub-acute treatment provided at Vista that are more stringent than those required for analogous medical or surgical treatment, and those required to be licensed as a residential treatment facility under Utah law.[54]

These allegations fail to sufficiently state a claim under the Parity Act, facial or as-applied.[55] Plaintiffs' Amended Complaint is rife with conclusory and formulaic recitations of the law lacking factual support. Plaintiffs fail to identify any express limitation in the Plan's

---

[48] *Welp v. Cigna Health & Life Ins. Co.*, No. 17-80237-CIV-MIDDLEBROOKS, 2017 WL 3263138, *6 (S.D. Fla. July 20, 2017).

[49] Amended Complaint ¶¶ 39-48.

[50] *Id.* ¶ 28.

[51] *Id.*

[52] *Id.* ¶ 44.

[53] *Id.*

[54] *Id.* ¶¶ 45-46.

[55] *Anne M.*, 2019 WL 1989644, *3; *Kelly W. v. Anthem Blue Cross and Blue Shield*, N. 2:19-cv-00067-DB, 2019 WL 2393802, *3-5 (D. Utah June 6, 2019).

language or processes that could constitute a facial Parity Act violation. They also fail to allege facts showing a disparity in Defendants application of limitation criteria for an as-applied Parity Act violation. Plaintiffs quote statutory language identifying types of limitation criteria, but they do not allege the criteria Defendants applied to deny coverage for Eric E.'s treatment, or how those criteria were more stringently applied than criteria for analogous medical or surgical treatment. The conclusory allegation that limitation criteria for medically necessary care of medical or surgical conditions are not applied "in the manner" that Defendants excluded coverage for Eric E.'s treatment does not suffice. Therefore, Plaintiffs fail to allege sufficient facts to state a claim under the Parity Act. The proposed second amended complaint,[56] which Plaintiffs attached to their Response, does not correct these deficiencies.

Defendants' Motion to Dismiss[57] is GRANTED as to Plaintiffs' Parity Act claim. But Plaintiffs are given leave to file a second amended complaint which contains sufficient factual allegations to support a Parity Act violation claim.

---

[56] Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss ("Response") Ex. A, docket no. 50, filed Jan. 7, 2019.

[57] Docket no. 46, filed Dec. 10, 2018.

**ORDER**

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss[58] is DENIED in part and GRANTED without prejudice in part. Plaintiffs are given leave to file a second amended complaint to correct the deficiencies in their Parity Act claim. Plaintiffs must file their second amended complaint by no later than August 9, 2019.

Signed July 19, 2019.

BY THE COURT

David Nuffer
United States District Judge

---

[58] *Id*.