IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| PETER E. AND ERIC E., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED HEALTHCARE SERVICES, INC., UNITED BEHAVIORAL HEALTH and the KEYSIGHT MEDICAL PLAN, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS** <br><br><br> Case No. 2:17-cv-00435-DN <br><br> District Judge David Nuffer |

This case involves claims under the Employee Retirement Income Security Act of 1974 ("ERISA") and the Mental Health Parity and Addiction Equity Act ("Parity Act"). These claims arise from the denial of coverage for Plaintiff Eric E's treatment at Vista Treatment Center ("Vista").[1] Eric E. is insured through his father's self-funded employee welfare benefits plan Keysight Medical Plan (the "Plan"), which is underwritten and administered by United HealthCare Services, Inc. ("UHS").[2] Defendants filed a Motion to Dismiss Plaintiffs' Second Amended Complaint arguing that Plaintiffs failed to plead sufficient facts to state a claim for violation of the Parity Act.[3] Because Plaintiffs allege sufficient facts to state a plausible claim for an as-applied violation of the Parity Act, Defendants' Motion to Dismiss[4] is DENIED.

---

[1] Second Amended Complaint at 11, docket no. 55, filed Aug. 9, 2019.

[2] *Id.* ¶¶ 2, 4 at 1.

[3] Defendants' Motion to Dismiss the Second Cause of Action of Plaintiffs' Second Amended Complaint ("Motion to Dismiss"), docket no. 58, filed Sept. 9, 2019.

[4] *Id*.

**FACTUAL BACKGROUND**

Eric E. suffers from multiple mental health conditions and has a history of substance abuse.[5] Eric E. entered a California-based treatment camp and was transferred directly to Aspiro, a Utah wilderness therapy camp in September 2014.[6] Directly after his discharge from Aspiro, Eric E. entered Vista on December 9, 2014, and remained through August 13, 2015.[7] Vista is a Utah-based treatment facility for adolescents with mental health and substance abuse conditions.[8]

United Behavioral Health ("UBH")[9] covered the first two weeks of Eric E.'s treatment at Vista. On January 22, 2015, Eric E.'s father, Peter E., received a letter from UBH denying continued coverage of Eric E.'s treatment at Vista.[10] Peter E. received a second denial letter on August 20, 2015.[11] Peter E. appealed the coverage determination and UBH denied the appeal on November 11, 2015.[12] UBH's coverage determinations cited that Eric E. was no longer qualified for residential treatment because it was not medically necessary—Eric E. was making progress, was not suffering withdrawal symptoms, and was not a danger to himself or others.[13] An external review of the coverage determination by Medical Review Institute of America, Inc. upheld UBH's coverage determination.[14]

---

[5] Second Amended Complaint, *supra* note 1, ¶ 10 at 3.

[6] *Id.* ¶20-21 at 4.

[7] *Id.* ¶ 25 at 5.

[8] *Id.* ¶ 6 at 2

[9] UBH is an affiliate company of USH and administers and processes claims for the Plan. *Id.* ¶ 5 at 2.

[10] *Id.* ¶ 27 at 5.

[11] *Id.* ¶ 28 at 5.

[12] *Id.* ¶¶ 29, 32-33 at 6.

[13] *Id.* ¶¶ 27-28, 32-33 at 5-6; Motion to Dismiss, *supra* note 2, at 3-4.

[14] Second Amended Complaint, *supra* note 1, ¶ 34 at 6.

Plaintiffs initiated this case on May 19, 2017,[15] and subsequently filed an amended complaint on November 21, 2018.[16] Plaintiffs' First Amended Complaint asserted two causes of action: (1) recovery of Plan benefits pursuant to ERISA 29 U.S.C. § 1132(a)(1)(B); and (2) violation of the Parity Act.[17] Defendants moved to dismiss Plaintiffs' First Amended Complaint for lack of standing and failure to sufficiently plead a Parity Act claim.[18] Defendant's Motion to Dismiss was denied as to the standing issue and granted as to the Parity Act claim.[19] And Plaintiffs were given leave to file a second amended complaint to correct the deficiencies in their Parity Act claim.[20] Plaintiffs filed their Second Amended Complaint on August 9, 2019.[21] The Second Amended Complaint asserts two causes of action: (1) recovery of Plan benefits pursuant to ERISA 29 U.S.C. § 1132(a)(1)(B); and (2) violation of the Parity Act.[22]

## DISCUSSION

Defendants seek dismissal of Plaintiffs' claim for violation of the Parity Act pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[23] Dismissal is appropriate under Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim on which relief may be granted.[24] To adequately state a claim, each cause of action must be supported by

---

[15] Complaint at 7-8, docket no. 2, filed May 19, 2017.

[16] Amended Complaint ("First Amended Complaint"), docket no. 45, filed Nov. 21, 2018.

[17] *Id.*

[18] Defendants' Motion to Dismiss Plaintiffs' Amended Complaint, docket no. 46, filed Dec. 10, 2018.

[19] Memorandum Decision and Order Denying in Part and Granting in Part Defendants' Motion to Dismiss and Granting Leave to Amend ("Order"), docket no. 54, filed July 19, 2019.

[20] *Id.*

[21] Second Amended Complaint, *supra* note 1.

[22] *Id.*

[23] Motion to Dismiss, *supra* note 2, at 13-21.

[24] FED. R. CIV. P. 12(b)(6); *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

sufficient, well-pleaded facts that make the claim plausible on its face.[25] In reviewing a complaint under Rule 12(b)(6), factual allegations are accepted as true and reasonable inferences are drawn in a light most favorable to the plaintiff.[26] However, "assertions devoid of factual allegations" that are nothing more than "conclusory" or "formulaic recitation" of law are disregarded.[27]

**Plaintiffs sufficiently state a plausible claim for an as-applied violation of the Parity Act**

Defendants argue that Plaintiffs fail to plead the necessary facts to state a claim for violation of the Parity Act.[28] The Parity Act requires plans to ensure "treatment limitations applicable to mental health or substance use disorder benefits are no more restrictive than the predominant treatment limitations applied to substantially all medical and surgical benefits covered by the plan."[29] A Parity Act claim may allege a *facial* violation (an express limitation written in the plan) or an *as-applied* violation (a limitation applied through interpretation of the plan).[30]

To sufficiently plead a facial Parity Act violation, the plaintiff must identify an express treatment limitation in the plan "and compare it to a relevant [medical/surgical] analogue."[31] Here, Plaintiffs do not allege that the Plan contains an express limitation that would support a facial Parity Act violation. Plaintiffs do, however, allege an as-applied Parity Act violation.[32]

---

[25] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[26] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[27] *Ashcroft v. Iqubal*, 556 U.S. 662, 678, 681 (2009).

[28] Motion to Dismiss, *supra* note 2, at 13-21.

[29] 29 U.S.C. § 1185(a)(3)(A)(ii).

[30] *A.Z. v. Regence Blueshield*, No. C17-1292-TSZ, 333 F. Supp. 3d 1069, 1081 (W.D. Wash. 2018); *Anne M. v. United Behavioral Health*, No. 18-80773-CIV-MIDDLEBROOKS, 342 F. Supp. 3d 1311, 1319 (S.D. Fla. 2018).

[31] *A.Z.*, 333 F. Supp. 3d. at 1079.

[32] Second Amended Complaint, *supra* note 1, at ¶¶ 44-51 at 8-10.

To sufficiently plead an as-applied Parity Act violation, the plaintiff must allege "that a defendant differentially applied a facially neutral plan term."[33] "[A]t the very least, a plaintiff must identify" the medical or surgical treatments "that are analogous" to the mental health or substance abuse treatments "and allege that there is a disparity in their limitation criteria."[34]

Plaintiffs' allege in their Second Amended Complaint that UBH differentially evaluates the medical necessity of treatment at mental health treatment facilities like Vista and the medical necessity of treatment at analogous medical/surgical facilities, *i.e.* sub-acute inpatient treatment programs like skilled nursing facilities, inpatient hospice care, and rehabilitation facilities.[35] Unlike Plaintiffs' First Amended Complaint, Plaintiff's Second Amended Complaint does not simply rely on "[t]he conclusory allegation that limitation criteria for medically necessary care of medical or surgical conditions are not applied 'in the manner' that Defendants excluded coverage for Eric's treatment[.]"[36] Plaintiffs still generally allege disparity regarding acute and sub-acute treatments.[37] But they now also allege that the Plan differentially evaluates intermediate level treatment claims, applying "generally accepted standards of medical practice" in medical/surgical coverage determinations while applying criteria deviating from generally accepted standards in mental health coverage determinations.[38] Plaintiffs further allege that this

---

[33] *Anne M.*, 2019 WL 1989644, *2.

[34] *Peter E. v. United Healthcare Services, Inc.*, Case No. 2:17-cv-00435-DN, 2019 WL 3253787, *3 (D. Utah. July 19, 2019) (quoting *Welp v. Cigna Health & Life Ins. Co.*, No. 17-80237-CIV-MIDDLEBROOOKS, 2017 WL 3263138 (S.D. Fla. July 20, 2017)).

[35] Second Amended Complaint, *supra* note 1, ¶ 45 at 8.

[36] Order, *supra* note 19, at 8.

[37] Second Amended Complaint, *supra* note 1, ¶¶ 45-48 at 8-9.

[38] *Id*. ¶ 51 at 10.

process resulted in a disparity where equivalent mental health benefits were denied when the analogous levels of medical or surgical benefits would have been paid.[39]

Therefore, Plaintiffs have identified medical or surgical treatments that are analogous to the mental health and substance abuse treatments Eric E. received, and they allege facts showing that there is a disparity in limitation criteria. Although Plaintiffs' Second Amended Complaint includes conclusory and formulaic recitations of the law, Plaintiffs' factual allegations are sufficient to state a plausible claim for an as-applied violation of the Parity Act.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss[40] is DENIED.

Signed November 18, 2019.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[39] *Id.*

[40] Docket no. 58, filed Sept. 9, 2019.