IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| PETER E. and ERIC E.,<br><br>                    Plaintiffs,<br><br>v.<br><br>UNITED HEALTHCARE SERVICES, UNITED BEHAVIORAL HEALTH, and KEYSIGHT MEDICAL PLAN,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO CONDUCT DISCOVERY (DOC. NO. 74)**<br><br>Case No. 2:17-cv-00435-DBB-DAO<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is the Motion to Conduct Discovery (Doc. No. 74) filed by Plaintiffs Peter E. and Eric E. (collectively, the "E. Plaintiffs").[1] In this case, the E. Plaintiffs allege two causes of action against Defendants United Healthcare Services ("UHS"), United Behavioral Health ("UBH"), and Keysight Medical Plan ("Plan") (collectively, "Plan Defendants") arising out of their failure to pay for treatment Eric E. received at Vista Treatment Center. The first claim is for recovery of plan benefits under 29 U.S.C. § 1132(a)(1)(B) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et. seq.*, ("ERISA"), and the second claim alleges a violation of the Mental Health Parity and Addiction Equity Act of 2008, codified at 29 U.S.C. § 1185a(a)(3)(A)(ii) and enforced through 29 U.S.C. § 1132(a)(3) ("Parity Act"). (Second Am. Compl. 7–11, Doc. No. 55.)

The E. Plaintiffs move to conduct discovery on their Parity Act claim. While acknowledging that discovery is limited for ERISA claims, the E. Plaintiffs argue their Parity

---

[1] The caption of the E. Plaintiffs' motion incorrectly refers to it as a Motion for Extension of Time (Doc. No. 74).

1

Act claim is distinct and that discovery as to this claim is permissible, relevant, and necessary. (Mot. to Conduct Discovery ("Mot.") 2, 8, Doc. No. 74.) The E. Plaintiffs attach the proposed discovery request they seek to serve as Exhibit A to their Motion. (*See id.* at 2; Ex. A to Mot., Discovery Requests, Doc. No. 74-1.) The Plan Defendants oppose the motion, arguing "the heart" of the E. Plaintiffs' claims is the recovery of benefits under ERISA and, as such, discovery should be limited to the production of the administrative record. (Opp'n to Mot. to Conduct Discovery ("Opp'n") 1–2, Doc. No. 78.) They also argue that if the court permits discovery, it should limit the scope of that discovery. (*Id.* at 2.)

Having reviewed the parties' briefing, the court GRANTS the E. Plaintiffs' motion for the reasons set forth below. The court will permit the E. Plaintiffs to conduct discovery on the Parity Act claim. Further, the court finds the Plan Defendants' arguments directed at the relevance, scope, and proportionality of proposed discovery requests attached to the E. Plaintiffs' motion to be premature at this time, since these requests have not yet been served. Any objections to specific requests should be made in response to the requested discovery in the first instance, with the normal procedures set forth in DUCivR 37-1(a) followed to the extent any disputes arise with respect to the Plan Defendants' objections and responses.

## BACKGROUND

Plaintiff Peter E. is a participant in the Plan, and his son, Eric E., is a beneficiary of the Plan. (Second Am. Compl. 2, Doc. No. 55.) The Plan is a self-funded employee welfare benefits plan under ERISA. (*Id.* at 1.) Eric E. received treatment for mental health and substance abuse conditions at Vista Treatment Center ("Vista") from December 9, 2014 through August 13, 2015. (*Id.* at 2, 4–5.) Vista provides residential treatment for adolescents with mental health and substance abuse conditions. (*Id.* at 2.)

Defendant UHS is a third-party claims administrator for the Plan, and Defendant UBH is an affiliate company which administers mental health treatment claims for the Plan. (Second Am. Compl. 2, Doc. No. 55.) UBH denied coverage for Eric E.'s treatment at Vista after January 15, 2015, stating that his treatment was no longer eligible for coverage because he was doing well in the program and was not a danger to himself or others. (*Id.* at 5.) UBH also denied the E. Plaintiffs' appeal of the coverage decision. (*Id.* at 6.)

The E. Plaintiffs filed suit against the Plan Defendants, asserting a claim for recovery of benefits under ERISA. (Second Am. Compl. 7, Doc No. 55.) In addition, the E. Plaintiffs asserted a second claim for violations of the Parity Act, alleging the Plan Defendants provided less coverage for Eric E.'s residential mental health and substance abuse treatment than they would have provided for analogous residential treatment for medical or surgical patients. (*Id.* at 7–11.)

The Plan Defendants moved to dismiss the E. Plaintiffs' Parity Act claim outlined in the Second Amended Complaint. (Defs.' Mot. to Dismiss the Second Cause of Action of Pls.' Second Am. Compl., Doc. No. 58.) The district judge denied the motion, finding the E. Plaintiffs stated a plausible claim for an as-applied violation of the Parity Act. (Mem. Dec. and Order Denying Defs.' Mot. to Dismiss 6, Doc. No. 67.)

In the instant motion, the E. Plaintiffs move the court for permission to conduct discovery on their Parity Act claim. (Mot. 2, Doc. No. 74.)

## **DISCUSSION**

In their motion, the E. Plaintiffs argue they should be permitted to conduct discovery on their Parity Act claim for three reasons: first, because the Parity Act claim is separate from the ERISA claim; second, because discovery is permitted for Parity Act claims and is necessary to

3

prove a Parity Act violation as applied; and, third, because the requested discovery satisfies the requirements of Rule 26(b)(1) of the Federal Rules of Civil Procedure. (Mot. 1–10, Doc. No. 74.)

In opposition, the Plan Defendants make two main arguments. First, they argue the E. Plaintiffs' Parity Act claim is just a repackaged ERISA claim for benefits under § 1132(a)(1)(B), and, as such, discovery should be limited to the administrative record. (Opp'n 3–6, Doc. No. 78.) Second, the Plan Defendants argue that even if some extra-record discovery is ordered by the court, the discovery requests attached to the E. Plaintiffs' motion are overly broad and not proportional to the needs of the case. (*Id.* at 6–10.)

For the reasons set forth below, the court finds extra-record discovery is appropriate on the Parity Act claim and will allow the E. Plaintiffs to serve their proposed discovery requests. The court also finds the Plan Defendants' arguments concerning the relevance, scope, and proportionality of specific requests attached to the E. Plaintiffs' motion to be premature given that the requests have yet to be served.

### A. The E. Plaintiffs' Parity Act Claim is Distinct from Its ERISA Claim.

First, the court finds the E. Plaintiffs' Parity Act claim to be legally and factually distinct from its ERISA claim. The E. Plaintiffs' allegations that the Plan Defendants violated the Parity Act are enforceable through a cause of action under a distinct provision of ERISA—29 U.S.C. § 1132(a)(3). This cause of action alleges a statutory violation of ERISA itself and does not arise from an alleged violation of rights under an ERISA plan. *See Joseph & Gail F. v. Sinclair Servs. Co.*, 158 F. Supp. 3d 1239, 1259 n.118 (D. Utah 2016) (explaining that the Parity Act is an "amendment to ERISA, making it enforceable through a cause of action under § 1132(a)(3) as a violation" of ERISA's statutory provisions). "Section 502(a)(3) actions are to enforce rights not

4

arising under ERISA plans, but rather arising from ERISA itself.  Therefore, a finding that claims arise from ERISA § 502(a)(3) reverts discovery into the traditional realm and is governed under traditional federal, circuit, and local procedure." *Jensen v. Solvay Chems., Inc.*, 520 F. Supp. 2d 1349, 1355–56 (D. Wyo. 2007).

The E. Plaintiffs' claims are factually distinct as well.  In their first cause of action, the E. Plaintiffs allege the Plan Defendants violated the terms of ERISA and the Plan by failing to provide coverage for Eric E.'s treatment and failing to provide a full and fair review of the claim denial.  (Second Am. Compl. 7, Doc. No. 55.)  In their second cause of action for violation of the Parity Act, the E. Plaintiffs allege the Plan Defendants differentially evaluate the medical necessity of treatment at mental health treatment facilities like Vista and the medical necessity of treatment at analogous medical/surgical facilities by deviating from generally accepted standards of medical practice for the former but not the latter.  (*Id.* at 10.)  The E. Plaintiffs also seek equitable relief as a remedy unique to their Parity Act claim.  (*Id.* at 10–11.)  Rule 8 of the Federal Rules of Civil Procedure allows for this type of alternative pleading.  Fed. R. Civ. P. 8(d).

Courts in this district analyzing the Parity Act have found that discovery limitations applicable to ERISA claims brought under § 1132(a)(1)(B) do not apply to distinct claims brought under the Parity Act.  *See Randall R. v. Regence Blue Cross Blue Shield of Utah*, No. 2:18-CV-00381, 2020 U.S. Dist. LEXIS 4587, at *4–5 (D. Utah Jan. 9, 2020) (unpublished) (granting motion to conduct discovery on Parity Act claim); *Timothy D. v. Aetna Health & Life Ins. Co.*, No. 2:18-CV-00753, 2019 U.S. Dist. LEXIS 100388, at *12 (D. Utah June 14, 2019) (unpublished) ("The nature of Parity Act claims is that they generally require further discovery to evaluate whether there is a disparity between the availability of treatments for mental health and

5

substance abuse disorders and treatment for medical/surgical conditions."); *Melissa P. v. Aetna Life Ins. Co.*, No. 2:18-CV-00216, 2018 U.S. Dist. LEXIS 216775, at *10 (D. Utah Dec. 26, 2018) (unpublished) (indicating that "[d]iscovery will allow [plaintiff] to learn and compare the processes, strategies, evidentiary standards, and other factors [defendant] used for sub-acute care in both realms").  The court finds the reasoning of these cases persuasive and applicable here.

The legal and factual distinctions between the E. Plaintiffs' two causes of action undercut the Plan Defendants' argument that the Parity Act claim is just a repackaged ERISA claim for benefits.  Whether the E. Plaintiffs will ultimately prevail on both claims is not relevant to deciding whether discovery is permissible on the Parity Act claim.

**B.  Discovery is Permissible and Necessary Under the Parity Act.**

Discovery is necessary when the plaintiffs allege an as-applied violation of the Parity Act, as is the case here. (Second Am. Compl. 7–10, Doc. No. 55.)  Limiting discovery to the prelitigation appeal record would be inconsistent with both the purpose of the Parity Act and its implementing regulations.

The Parity Act "'prevents insurance providers from writing or *enforcing* group health plans in a way that treats mental and medical health claims differently.'" *Christine S. v. Blue Cross Blue Shield of N.M.*, 428 F. Supp. 3d 1209, 1219 (D. Utah 2019) (emphasis added) (quoting *David S. v. United Healthcare Ins. Co.*, No. 2:18-CV-00803, 2019 U.S. Dist. LEXIS 157046, at *7 (D. Utah Sept. 13, 2019) (unpublished)).  Violations of the Parity Act can arise from the plan documents "as written and in operation."  29 C.F.R. § 2590.712(c)(4)(i).

The Parity Act's implementing regulations prohibit quantitative and nonquantitative limits on mental health and substance abuse disorder benefits that are more restrictive than those in place for medical/surgical benefits.  29 C.F.R. § 2590.712(c).  Examples of nonquantitative

limits identified in the Parity Act's implementing regulations include "[r]estrictions based on geographic location, facility type, provider specialty, and other criteria that limit the scope and duration of benefits for services provided under the plan or coverage." *Id.* § 2590.712(c)(4)(ii)(H).  Notably, the Parity Act regulations provide that a plan administrator's required disclosures may include documents allowing for a meaningful analysis of the "processes, strategies, evidentiary standards, and other factors used to apply a nonquantitative treatment limitation with respect to medical/surgical benefits and mental health or substance use disorder benefits under the plan." *See* 29 C.F.R. § 2590.712(d)(3).

Limiting discovery to the plan documents and prelitigation appeal record, as the Plan Defendants propose, will improperly hamstring the E. Plaintiffs' ability to prove a violation of the Parity Act as applied.  *See Christine S.*, 428 F. Supp. 3d at 1219 ("[P]laintiffs often must plead 'as-applied' challenges to enforce their Parity Act rights when a disparity in benefits criteria does not exist on the face of the plan.").  By their nature, documents and information about the "processes, strategies, standards, or other factors utilized . . . to limit coverage" could reasonably be expected to exist outside of the plan documents, as the E. Plaintiffs assert and seek.  (*See* Mot. at 8–9, Doc. No. 74; Ex. A to Mot., Discovery Requests, Doc. No. 74-1 at 9.)  Further, the prelitigation appeal record is not likely to include analogous medical or surgical treatment documents necessary to litigate a Parity Act claim because Eric E. was only treated for mental health and substance abuse disorders.

Having concluded that the E. Plaintiffs' Parity Act claim is independent of its ERISA claim and that discovery is necessary to evaluate whether the Plan treats mental health and substance abuse claims differently than medical/surgical claims, the court now addresses the

7

Plan Defendants' arguments concerning the proposed requests attached to the E. Plaintiffs' motion.

### C. The Plan Defendants' Objections to the Relevance, Scope, and Proportionality of Specific Requests are Premature.

The Plan Defendants assert that the proposed discovery requests attached to the E. Plaintiffs' motion "do not align with the parameters" of the court's order denying their motion to dismiss, and that the requests are "overly broad and not proportional to the needs of the case." (*See* Opp'n 6–7, Doc. No. 78.)  Addressing specific requests, the Plan Defendants raise various objections to the requested discovery based on relevance, scope, and proportionality.  (*Id.* at 7–10.)

As an initial matter, the court rejects the Plan Defendants' argument that the discovery requests do not align with the parameters of the order denying their motion to dismiss (Doc. No. 67).  The Plan Defendants assert that the order relied on the E. Plaintiffs' allegation that, unlike medical/surgical determinations, the criteria used for mental health coverage determinations deviated from the "generally accepted standards of medical practice," so discovery should be limited to reviewing the coverage criteria relied on for analogous medical/surgical claims. (Opp'n 6–7, Doc. No. 78 (quoting Mem. Decision and Order Denying Defs.' Mot. to Dismiss 5, Doc. No. 67 (internal quotations omitted)).)  However, regardless of whether the Plan Defendants' interpretation of the order is correct, the type of discovery allowed turns on the causes of action pleaded, not on the court's legal analysis leading to a decision denying a motion to dismiss.  *See* Fed. R. Civ. P. 26(b)(1) (providing that the scope of discovery extends to "any nonprivileged matter that is relevant to any party's claim or defense" (emphasis added)).  Thus, the court finds the order on the motion to dismiss does not limit the scope of permissible discovery.

8

The Plan Defendants, however, raise other objections based on the relevance, scope, and proportionality of specific requests, including that (1) the requests should be limited in time to the specific dates of the residential treatment; (2) the requests seek information that is confidential and proprietary; (3) requests concerning certain types of facilities and programs, such as inpatient hospice care and wilderness therapy, are irrelevant; and (4) certain requested information and documents have already been produced or are not in UBH's possession. (Opp'n 8–9, Doc. No. 78.) The court finds these objections premature at this juncture. The E. Plaintiffs have not yet served the discovery requests and the Plan Defendants have not responded to them. After the E. Plaintiffs propound their requests, the Plan Defendants may assert objections, as appropriate, in their responses. If disputes arise and the parties are unable to resolve them after making reasonable efforts to meet and confer as required under DUCivR 37-1(a)(1), the parties may bring any disputes before the court by filing a short form discovery motion, as appropriate.

## **CONCLUSION**

Based on the foregoing, the Court GRANTS the E. Plaintiffs' Motion to Conduct Discovery (Doc No. 74).

DATED this 3rd day of August, 2020.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge